UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL T. LOYD,

    Petitioner,                      Civil No. 2:09-CV-13914
                                          HONORABLE GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE
v.

DAVID PRATT,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN**

Michael T. Loyd, ("petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. In his application, petitioner challenges the Michigan Parole Board's decision to deny him release on parole. In the interests of justice, the Court concludes that the proper venue for this petition would be in the Western District of Michigan and will order that the petition be transferred to that district.

## I. BACKGROUND

Petitioner was convicted of third-degree criminal sexual conduct in the Kent County Circuit Court and was sentenced to one year, seven months to fifteen

years in prison on November 27, 2006.[1]  Petitioner claims that he was wrongfully denied parole for this offense by the Michigan Parole Board on June 15, 2009.

## II.  DISCUSSION

28 U.S.C. 28 U.S.C. § 2241 (d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a).  When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Kent County, Michigan and is presently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, both located in the Western District of Michigan.  A federal district court lacks

---

[1] The Court obtained the information concerning petitioner's conviction from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000). Because petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district, the Western District of Michigan is the only court with subject matter jurisdiction pursuant to 28 U.S.C. § 2241 to hear petitioner's challenge to his parole denial. *See Carmona v. Andrews,* 357 F. 3d 535, 537-39 (5th Cir. 2004). Accordingly, the Court will transfer the petition for writ of habeas corpus to the United States District for the Western District of Michigan.

### III.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

Dated:  October 16, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 16, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk